IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBERTINO LEON, SR., et al., | Case No. 1:09-cv-00439 JLT |
| Plaintiffs, | ORDER GRANTING THE MOTION FOR COMPROMISE OF THE MINORS' CLAIMS |
| vs. | (Doc. 44) |
| UNITED STATES, et al., | |
| Defendants. | |

Blanca Leon is the mother and guardian ad litem for the minor plaintiffs, seven-year-old J.L. and four-year-old, U.L. Pending before the Court is a motion for approval of a compromise of the children's claims. Defendants do not oppose the motion. The Court has read and considered the pleadings and arguments of counsel. For the reasons set forth below, the motion is **GRANTED**.

**I.  Procedural History**

Plaintiffs initiated this action against the United States on March 9, 2009 in which they alleged one cause of action for negligence. (Doc. 2) The United States filed its answer on May 29, 2009. (Doc. 10) Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the Magistrate Judge (Docs. 14, 17).

On January 28, 2011, the United States filed a Notice of Settlement. (Doc. 40). Plaintiff Blanca Leon filed the motion now before the Court on February 23, 2011, petitioning the Court for approval of the settlement of the minors' claims. (Doc. 44).

At the hearing on March 29, 2011, the GAL reported that she understood the terms of the settlement agreement, and was satisfied that it a was fair and reasonable for the injuries of the two boys. The GAL expressed that she was entering into the settlement without reservation. She stated her understanding that the minors' proceeds would be deposited into blocked accounts, and that Court approval would be required prior to the withdrawal of funds.

## II.   Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective without approval by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the interests of the children are protected. Therefore, the party moving for approval of the settlement must disclose:

> . . . the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2). Generally, in determining whether to approve the compromise of a minor's claims, federal courts refer to applicable state law. *See e.g., Walden v. Moffett*, 2007 U.S. Dist. LEXIS 70507, at *6 (E.D. Cal. Sept. 20, 2007); *MAP v. City of Bakersfield*, 2009 U.S. Dist. LEXIS 7519, at *5 (E.D. Cal. Jan. 23, 2009); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* § 15:138, p. 15-48 (2010). In California, a settlement or compromise of a claim of a minor is not enforceable without court approval. Cal. Prob. Code §§ 2504, 3600 *et seq.*; Cal. Code Civ. Proc. § 372 ("The guardian. . . or guardian ad litem so appearing for any minor . . . shall have power, *with the approval of the court* in which the action or proceeding is pending, to compromise the same. . .") (emphasis added).

## III.   Attorney's Fees and Costs

In addition to approval of the settlement itself, any attorney's fee to be paid for representation of a minor must be approved by the court. Cal. Prob. Code § 3601. To determine whether a request for attorney's fee is reasonable, the Court may consider, among other factors: the time and labor

1 required; whether the minor's representative consented to the fee; the amount of money involved and
2 the results obtained; and whether the fee is fixed, hourly, or contingent. *See* California Rule of Court
3 7.955(b). Where a contingency fee has been proposed, "most courts require a showing of "good
4 cause" to award more than 25% of any recovery… As a practical matter, awards for more than 25%
5 of the recovery in a minor's case are rare, and justified only when counsel proves that he or she
6 provided *extraordinary* services." *Schwall v. Meadow Wood Apartments*, 2008 U.S. Dist. LEXIS
7 18819, at *3 (E.D. Cal. Feb. 27, 2008), *quoting* 2 Weil & Brown, *California Practice Guide: Civil*
8 *Procedure before Trial* §§12:576-12:577, p. 12(II)-17 (2007). When a fee is contingent, the court
9 should also consider the risk of loss, the amount of costs advanced by the attorney, and the delay in
10 reimbursement of costs and payment of fees to determine if the amount is reasonable. *See* California
11 Rule of Court 7.955(b)(13).

12 **IV.   Discussion and Analysis**

13     Plaintiffs J.L and U.L., along with their parents, were involved in a motor vehicle accident on
14 March 13, 2007. (Doc. 44 at2). At the time of the accident, J.L was two years old, and U.L. was
15 approximately two months old. *Id.* at 2-3. J.L., U.L. and their mother were passengers in the car
16 driven by their father. *Id.* At the time of the collision, Plaintiffs' vehicle was stopped at a railroad
17 crossing when another vehicle, driven by an employee of defendant, struck Plaintiffs' vehicle from
18 behind. *Id.* The force of the collision pushed Plaintiffs' vehicle onto the railroad tracks and into the
19 path of an incoming train. *Id.* Seeing the train's approach, Plaintiffs' mother grabbed U.L. from the
20 vehicle before the train struck the front of the vehicle. *Id*. Mrs. Leon was unable to step fully away
21 from the car and when the train struck the car, it spun and struck Mrs. Leon. *Id.* This caused her and
22 U.L. to fall to the ground. *Id.* J.L. and his father were unable to exit the vehicle before the collision
23 with the train. *Id.*

24     Both children were evaluated at Kern Medical Center after the accident. (Doc. 44 at 2-3) J.L.
25 had a bruise on his forehead but U.L. was uninjured. *Id.* at 2-3. Following the accident, J.L. would
26 awake crying and wanting his mother. *Id.* Also, Mrs. Leon suffered post-traumatic stress disorder
27 and was unable to tolerate any separation from J.L. until he entered kindergarten this year. *Id.* at 3.
28 This caused J.L. to miss community recreational activities in which the family had engaged

previously and which resulted in him receiving an insufficient variety of social stimulation. *Id.* At the hearing, Mrs. Leon confirmed she has been able to allow J.L. to engage in more community activities since he entered kindergarten. Likewise, Mrs. Leon stated all of J.L.'s issues have been resolved.

Under the proposed compromise, the United States denies liability for the accident, but has agreed to pay $8,500 for the personal injury claim of J.L. and $1,250 for the personal injury claim of U.L., totaling $9,750, to settle the dispute. (Doc. 44 at 4). Of this total, the petition proposes that $2,677 be paid to Young Woolridge LLP with $2,437.50 for attorneys fees ($2,125 for J.L. and $312.50 from U.L.) and $239.50 for costs and expenses ($93.75 for J.L. and $145.75 for U.L.). *Id.* at 5. In addition, out of the proceeds of the settlement, the Department of Healthcare Services (Medi-Cal) would receive $173.71 ($152.12 for J.L. and $21.59 for U.L.). *Id.* As to the remaining balance ($6,129.13 for J.L. and $770.16 for U.L.), the petition seeks to have it deposited in insured accounts for the minors at Wells Fargo Bank, located at 1300 22nd Street, Bakersfield, California, which would be "subject to withdrawal only upon the authorization of the court." *Id.*

Finally, the motion identifies the guardian ad litem and the attorney representing them by name, the attorney's address and bar number, that the attorney was not employed by anyone except the family members involved in the accident and that he has not received compensation for his services in this case except from these family members. (Doc. 44 at 1, 5). At the hearing, Plaintiff's counsel confirmed the parties had a contingent fee agreement, as implied by the petition. Plaintiffs' guardian ad litem verified the petition. *Id.* at 6.

Based upon the information provided in the petition and at the hearing, and considering the totality of the facts and circumstances of this case, the Court finds that settlement in the amount of $8,500 for the personal injury claim of J.L. and $1,250 for the personal injury claim of U.L. is fair, reasonable, and in the best interests of the children. Furthermore, the Court finds that the amount of attorneys fees requested is reasonable considering the contingent fee arrangement, the costs of the law firm, the risk of loss, and the delay in reimbursement. Moreover, the requested 25 percent fee is not in excess of the amount permitted generally in California. Thus, the Court finds that the deductions for fees and costs in the amount of $2,218.75 for the claim of J.L. and $458.25 for the

claim of U.L., are fair and reasonable. *See* California Rule of Court 7.955(b); Cal. Prob. Code § 3601.

## V.  Conclusion

In accordance with the above findings, it is **HEREBY ORDERED**:

1. The motion to approve the compromise of the minors' claims is **GRANTED**;
2. The motion to approve attorneys fees and costs in the amount of $2,218.75 for the claim of J.L. and $458.25 for the claim of U.L. is **GRANTED**;
3. Payment to the Department of Healthcare Services on behalf of Medi-Cal in the amount of $152.12 for J.L. and $21.59 for U.L. is **AUTHORIZED**;
4. The remaining portion of the settlement proceeds, in the amount of $6,129.13, is **ORDERED** to be placed into an insured, blocked account on J.L.'s behalf, subject to withdrawal only upon authorization of the Court;
5. The remaining portion of the settlement proceeds, in the amount of $770.16, is **ORDERED** to be placed into an insured, blocked account on U.L.'s behalf, subject to withdrawal only upon authorization of the Court.

IT IS SO ORDERED.

Dated:  **March 29, 2011**                                   /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE